IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARNOLDO REYNA,

        Plaintiff,

v.                                      CV 12-0084 WJ/WPL

ROBERT GARCIA, et al.,

        Defendants.

**ORDER DENYING MOTION**

Arnoldo Reyna has filed a motion requesting that the Clerk of Court serve him with a consent form to allow him to consent to proceed before a Magistrate Judge and that the Court issue summonses to the Defendants. (Doc. 13.) He further requests a hearing on the motion. (*Id.* at 2.) Reyna is incarcerated, proceeding *pro se*, and challenging his confinement. (*See* Doc. 1.) Because this motion is based on a Local Rule that does not apply to Reyna's case, it will be denied.

Because this is a *pro se* inmate case, it is exempt from many of the formal requirements specified under the Local Rules. For example, a moving party is not required to determine whether a motion in a *pro se* inmate case is opposed prior to filing it, and the case is excluded from pretrial case management procedures unless the judge or parties determine otherwise. D.N.M.LR-Civ. 7.1(a), 16.3(d). Prisoner cases are also expressly excluded from those civil cases that are assigned directly to a Magistrate Judge as the trial judge. *Id.* at 73.1(a).

Instead, prisoner cases are assigned to a District Judge as the trial judge and a Magistrate Judge as the pretrial judge. The District Judge is permitted to refer the case to the Magistrate

Judge to conduct hearings and submit proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Once the proposed findings and recommendations are filed, the parties have an opportunity to file written objections, and the District Judge will make a de novo determination regarding the portions of the report to which the parties object. *Id.* at § 636(b)(1).

Furthermore, in a prisoner case, the court is required to review the complaint to ensure that the claim is actionable and not frivolous or malicious before allowing the case to proceed. 28 U.S.C. § 1915A(a). The Court will issue summonses once the screening process is complete, assuming that claims remain pending.

Because Reyna's motion requests relief that is not available in a *pro se* inmate case, IT IS ORDERED that the motion is denied.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.