IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARNOLDO REYNA,

    Plaintiff,

  v.                                                        No. CIV 12-0084 WJ/WPL

OFFICER ROBERT GARCIA,
DISTRICT ATTORNEY LAURA CASTILLO,
FIFTH JUDICIAL DISTRICT COURT
COUNTY OF LEA,

    Defendants.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed.

        The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal

standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Garcia committed perjury in Plaintiff's state criminal proceeding. Plaintiff also alleges that Defendants Castillo and Fifth Judicial District Court were aware of the perjury but failed to correct the misstatements in the proceeding. He contends that Defendants' conduct violated his constitutional protections. Plaintiff does not allege that his conviction has been set aside. The complaint asks that Plaintiff be released from custody and awarded damages.

No relief is available on Plaintiff's claims for damages. First, a witness (Defendant Garcia) who testifies in judicial proceedings is absolutely immune from suit under 42 U.S.C. § 1983, even for allegations of false or contradictory testimony. *See Briscoe v. LaHue*, 460 U.S. 325, 345 (1983). Furthermore, as to Defendant Castillo, "[i]t is well established that prosecutors are absolutely immune from suit under section 1983 concerning activities 'intimately associated with the judicial . . . process,' such as initiating and pursuing criminal prosecutions." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1480 (10th Cir. 1991) (citation omitted).

Nor is relief available on Plaintiff's separate claims against Defendant New Mexico Fifth Judicial District Court. In addition to the immunity of its judges, a state district court is an agency of the state and is not, therefore, a " 'person[]' within the reach of § 1983. In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)). The Court will dismiss Plaintiff's claims for damages.

Plaintiff's claims for release from custody must be brought in a habeas corpus proceeding.

*See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("a prisoner who challenges the fact or duration of his confinement . . . must do so through an application for habeas corpus") (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)).  "[W]here an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. . . .  [s]uch claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing § 1983; *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).  These claims are not cognizable in this § 1983 action and will be dismissed without prejudice to Plaintiff's right to pursue relief under the habeas corpus statutes.

IT IS THEREFORE ORDERED that Plaintiff's claims for release from custody are DISMISSED without prejudice to Plaintiff's right to pursue relief under the habeas corpus statutes; otherwise the complaint is DISMISSED with prejudice; pending motions are DENIED as moot; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE